**Peter J. Viteznik, OSB No. 944540**
pviteznik@kilmerlaw.com
**Robert B. Miller, OSB No. 960068**
bobmiller@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, Oregon 97209-1302
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendants
Terrence Thurber, Thomas Thurber,
DG Rollins Mining, LLC and
Columbia Gorge Data Center, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RAYMOND BALL, an individual; and JOSEPH TOTH, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MATTHEW CARSON, an individual; WILLIAM CARSON, an individual; TERRANCE THURBER, an individual; THOMAS THURBER, an individual; DG ROLLINS MINING, LLC, a Wyoming limited liability company; COLUMBIA GORGE DATA CENTER, LLC, a Nevada limited liability company; WHC & SWC INVESTMENTS, LTD, a Texas limited partnership; INTELLIGENT INVESTMENTS, LLC, a Texas limited liability company; and SNICKERS #1, LLC, a Texas limited liability company, <br><br> Defendants. | Case No. 3:19-cv-00242-HZ <br><br> **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES BY DEFENDANTS TERRENCE THURBER, THOMAS THURBER, DG ROLLINS MINING, LLC, AND COLUMBIA GORGE DATA CENTER, LLC** |

Page 1 –   RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES BY DEFENDANTS TERRENCE THURBER, THOMAS THURBER, DG ROLLINS MINING, LLC, AND COLUMBIA GORGE DATA CENTER, LLC

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## RESPONSE

Plaintiffs' Motion should be denied for failing to comply with F.R.C.P. 16(b) and LR 16-3(1), (2) and (4).

The Motion is not supported by a showing of diligence by the party seeking the extension, so it does not meet the requirement of LR-3(1) and (2). Plaintiffs' lack of prosecution is established by the chronology in the Declaration of Defendants' counsel filed in support of this Response ("Miller Dec.").

The Motion fails to comply with the requirements in LR 16-3(4) because it contends, in error, that a 60-day discovery deadline extension "will not affect the other court deadlines." [Dkt # 31, Motion, p. 1; *see also* Dkt # 32, Dec. of Counsel, ¶ 8] The requested extended period would extend past the May 11, 2020 deadline for dispositive motions, for the Joint Alternate Dispute Resolution Report, and for the Pretrial Order. [Dkt # 28] The disruption of the dispositive motion deadline would impact the July 20, 2020 date for oral argument. The disruption of the date for oral argument and for taking the Motion under advisement would impact the Defendants' ability to prepare for the November 9, 2020 pretrial conference and the November 17, 2020 three-four day jury trial.

## FACTS

Plaintiffs' lack of prosecution is established by the chronology in the Declaration of Defendants' counsel filed in support of this Response ("Miller Dec."). Plaintiffs' Motion erroneously represents this is the first request for an extension. [Dkt # 32, ¶ 2] This is the second request to extend discovery.[1]

---

[1] Defendants respectfully submit the contentions in the second paragraph of the Motion are not based on the current schedule the Court issued as Document Number 28 on September 13, 2019. The Motion quotes the Court's Discovery and Pretrial Scheduling Order issued as Document Number 2 on February 19, 2019. The Declaration of Counsel in support of the Motion contends in error that this is the first request for an extension of the discovery deadline. [Dkt # 32, ¶ 2] It is the second request. The Motion states in error that the current discovery deadline is April 11, while the Order imposed an April 10, 2020 deadline to complete discovery.

Page 2 –  RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES BY DEFENDANTS TERRENCE THURBER, THOMAS THURBER, DG ROLLINS MINING, LLC, AND COLUMBIA GORGE DATA CENTER, LLC

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Plaintiffs have not requested or noticed the "short deposition or two [that] may be required to clarify the record in this case." [Dkt # 32, ¶ 3; Miller Dec., ¶ 3]  The Court's September 13, 2019 Order adopted the deadlines the parties requested.  Plaintiffs initiated no discovery until February 25, 2020.  The only intervening events were settlement discussions that began with Plaintiffs' October 22 letter and ended in impasse on December 3, 2019. [Miller Dec., ¶ 5]

Plaintiffs contend the COVID-19 pandemic precludes discovery.  Plaintiffs do not explain how the pandemic precluded them from requesting or noting depositions earlier.  Plaintiffs offer no support for their contention that all depositions generally are impractical or impossible.  The Court's Standing Orders issued this month do not stay discovery. [2]  The pandemic was not an issue in December and January.  In early February, Plaintiffs served discovery requests and made no request to set depositions before the discovery deadline.  Plaintiffs do not explain how discovery was precluded by Plaintiffs' counsel's five--day jury trial on January 27 – 31 in Denver Colorado, the office location for Plaintiffs' counsel Damon Semmens.  https://allen-curry.com/attorney/damon-m-semmens/  [Dkt # 32, ¶ 6]

## LEGAL STANDARD

Under Ninth Circuit law, the good cause standard "primarily considers the diligence of the party seeking the amendment."  Local Rule 16-3(a)(1) and (2) reiterates that requirement.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also, Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (declining to limit the district court's ability to control its docket by enforcing a discovery termination date).

The Ninth Circuit imposed that standard based on the Advisory Committee's Notes to the 1983 Amendment to Rule 16: "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson*, 975 F.2d 604 at 609.  The party seeking the extension must first establish that party's diligence before the

---

[2] The COVID-19 pandemic was raised for the first time in the Motion, and not in the March 13 conferral.

Page 3 –   RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES BY DEFENDANTS TERRENCE THURBER, THOMAS THURBER, DG ROLLINS MINING, LLC, AND COLUMBIA GORGE DATA CENTER, LLC

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Court considers other factors.  *Id*.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end."  *Id*.  There is no evidence to satisfy the good cause standard here.

1. **Lack of Diligence**

Here, the parties knew on September 13, 2019 discovery must be completed by April 10, 2020.  The Court received the parties' consent through counsel in the September 13 hearing that they understood the deadlines would not be changed once the Order was entered.  Defendants had a reasonable expectation that if they were to be involved in discovery in this lawsuit it would be concluded by April 10.  Plaintiffs made no efforts to set dates for depositions before referencing a "short deposition or two that may be required" in their Motion on March 19, 2020.

2. **Prejudice**

Defendants would be prejudiced by the requested extension.  Defendants entered into the parties' stipulated schedule on the reasonable understanding that the matter would be tried in November 2020 and that the schedule permitted time to prepare for trial between the decision on dispositive motions and the trial.

## CONCLUSION

Defendants respectfully request the Court deny the Motion.

DATED this 20th day of March, 2020.

                KILMER VOORHEES & LAURICK, P.C.

                   */s/ Robert B. Miller*
                Peter J. Viteznik, OSB No. 944540
                pviteznik@kilmerlaw.com
                Robert B. Miller, OSB No. 960068
                bobmiller@kilmerlaw.com
                    Attorneys for Defendants Terrence Thurber,
                    Thomas Thurber, DG Rollins Mining, LLC
                    and Columbia Gorge Data Center, LLC

I:\10546\0003\Pleadings - USDC Oregon\Response to MOET Discovery Deadline 2020-0320.docx

Page 4 – RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES BY DEFENDANTS TERRENCE THURBER, THOMAS THURBER, DG ROLLINS MINING, LLC, AND COLUMBIA GORGE DATA CENTER, LLC

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290