| | |
|---|---|
| **From:** | Bob Miller |
| **Sent:** | Thursday, March 19, 2020 1:42 PM |
| **To:** | Leanne L'Hommedieu |
| **Subject:** | FW: Ball and Toth v Carson et al.  (Case No. 3:19-cv-00242-HZ) |
| **Attachments:** | RE: 3:19-cv-00242-HZ Ball et al v. Carson et al |

**From:** Bob Miller
**Sent:** Tuesday, March 17, 2020 1:14 PM
**To:** Damon Semmens (dsemmens@allen-curry.com) <dsemmens@allen-curry.com>; Daniel Peterson <dpeterson@cosgravelaw.com>
**Cc:** Amber A. Beyer <ABeyer@cosgravelaw.com>; Ashley M. Long <along@cosgravelaw.com>; Devra E. Slaughter <DSlaughter@cosgravelaw.com>; 'Stephanie A. Rife' <SRife@cosgravelaw.com>; Peter Viteznik <PViteznik@kilmerlaw.com>; Leanne L'Hommedieu <LLHommedieu@kilmerlaw.com>
**Subject:** RE: Ball and Toth v Carson et al. (Case No. 3:19-cv-00242-HZ)

Damon and Dan,

This follows Damon's call to me last week to meet and confer on Plaintiffs' request to extend the discovery deadline.  In our call, Damon explained the extension was needed because Plaintiffs had a few more issues that they needed to clarify.  If there are additional reasons to support the Motion let me know and I'll make myself available for a call to discuss.  If not, Defendant do not consent to the request for an extension and will file an opposition if Plaintiffs file a motion asking for an extension.

There are at least two reasons why a motion to extend the discovery deadline would be futile.  First, recall that Judge Hernandez advised in the 9/13/2019 Rule 16 conference that if he issued an Order incorporating the dates agreed to in that hearing he would not change those dates.  On 9/13/2019 the Court issued its Order adopting the parties' April 10, 2020 discovery deadline from the parties' proposed schedule.

Second, under F.R.Civ.P. 16(b), a schedule set by the Court may be modified only for good cause.  Under 9th Circuit law, the good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F2d 604, 609 (9th Cir 1992); *see also¸ Cornwell v. Electra Cent. Credit Union*, 439 F3d 1018, 1027 (9th Cir 2006) (declining to limit the district court's ability to control its docket by enforcing a discovery termination date).  There is no evidence to satisfy the good cause standard here.

The Court's 2/19/2019 Scheduling Order included a 6/19/2019 discovery cutoff date. The Court's 9/13 Order extending the discovery cutoff by nearly 10 months was premised on the parties' representation that they were engaged in settlement talks. The Court entered the Stipulated Protective Order on October 17, 2019, three days after Plaintiffs filed the Stipulation. I explained in our November 1, 2019 call that the Defendants rejected the Plaintiffs' October 22, 2019 settlement demand and explained there was no basis to expect the Defendants would offer to pay anything near the $60,000 Mr. Carson paid the Plaintiffs. When we last spoke on December 3, 2019 I said the Defendants would not make a counteroffer. Plaintiffs initiated no discovery until February 14, nine months after serving the Defendants, five months after the Order extending discovery and more than two months after our last settlement communication. Defendants responded 28 days later and produced documents in response to each request, or explained that no documents were found in their possession, custody or control after a search. Those requests, and the interrogatories and requests served last Friday, are based on the allegations in the Complaint and not on information developed through discovery in this case or through actions taken by the Defendants in the course of this case. That is significant, because there can be no claim that new evidence developed in litigation warrants an extension.

The Court's statement to the parties that the parties requested scheduling order would not be modified, together with the lack of evidence to support a finding of good cause, makes clear there is no basis to ask the Court for a second modification. Based on the call last week, Defendants oppose an extension. As availability in the court system is in flux right now, I'd ask that if Plaintiffs do file a motion they affirmatively state that Defendants oppose the motion and will file a response in opposition.

Bob

**ROBERT B. MILLER | SHAREHOLDER**
Kilmer, Voorhees & Laurick, PC
732 N.W. 19th Avenue
Portland, Oregon 97209
971/634-1141 (new direct dial option)
503/224-0055 (office)
503/720-9384 (mobile)
bobmiller@kilmerlaw.com
www.kilmerlaw.com

| | |
|---|---|
| **From:** | Daniel Peterson <dpeterson@cosgravelaw.com> |
| **Sent:** | Wednesday, September 11, 2019 2:47 PM |
| **To:** | Jennifer Paget; Damon Semmens |
| **Cc:** | Amber A. Beyer; Bob Miller; Peter Viteznik; Jana Lusk |
| **Subject:** | RE: 3:19-cv-00242-HZ Ball et al v. Carson et al |

Ms. Paget –

Here is our joint proposed schedule:

1. The parties agree to waive the Fed. R. Civ. P. 26(a) initial disclosures;
2. The parties agree to the following proposed pre-trial deadlines:
    a. Within 210 days of this Order:
        i. File all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15;
        ii. Join all claims, remedies, and parties pursuant to Fed. R. Civ. P. 18 and 19;
        iii. Complete all discovery;
        iv. File discovery motions;
        v. Confer as to Alternative Dispute Resolution pursuant to LR 16-4(c).

    b. Within 240 days of this Order:
        i. File a joint ADR report pursuant to LR 16-4(d)

    c. File dispositive motions 90 days prior to the date set for trial.

Please let us know if the Court needs additional information or something more formal than this e-mail.

Thanks,

Dan

**Daniel Peterson**
Partner

**Cosgrave Vergeer Kester**
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
**D** 503-219-3814 **O** 503-323-9000
**F** 503-323-9019 **W** cosgravelaw.com



**From:** Jennifer Paget [mailto:Jennifer_Paget@ord.uscourts.gov]
**Sent:** Wednesday, September 11, 2019 12:11 PM
**To:** Damon Semmens <dsemmens@allen-curry.com>

**Cc:** Daniel Peterson <dpeterson@cosgravelaw.com>; Amber A. Beyer <ABeyer@cosgravelaw.com>; bobmiller@kilmerlaw.com; pviteznik@kilmerlaw.com; Jana Lusk <jlusk@allen-curry.com>
**Subject:** RE: 3:19-cv-00242-HZ Ball et al v. Carson et al

Once docketed call in info will be sent. I will need a joint proposed schedule emailed to me no later than 4:00 tomorrow.

---

**From:** Damon Semmens <dsemmens@allen-curry.com>
**Sent:** Wednesday, September 11, 2019 12:05 PM
**To:** Jennifer Paget <Jennifer_Paget@ord.uscourts.gov>
**Cc:** Daniel Peterson <dpeterson@cosgravelaw.com>; Amber A. Beyer <ABeyer@cosgravelaw.com>; bobmiller@kilmerlaw.com; pviteznik@kilmerlaw.com; Jana Lusk <jlusk@allen-curry.com>
**Subject:** Re: 3:19-cv-00242-HZ Ball et al v. Carson et al

Ms. Paget,

I believe the group was planning on a conference call at 2:30 p.m. PDT, but I will let everyone else confirm. Should we phone the (503) 326-8051 number? Do the court want us to notice it? Thanks.

Sent via iPhone.

On Sep 11, 2019, at 12:04 PM, Jennifer Paget <Jennifer_Paget@ord.uscourts.gov> wrote:

> Following up on this. We are available the afternoon of 9/13 at 2:30 or later now.
>
> **From:** Jennifer Paget
> **Sent:** Tuesday, September 3, 2019 6:03 PM
> **To:** Daniel Peterson <dpeterson@cosgravelaw.com>; Amber A. Beyer <ABeyer@cosgravelaw.com>; bobmiller@kilmerlaw.com; dsemmens@allen-curry.com; pviteznik@kilmerlaw.com
> **Subject:** RE: 3:19-cv-00242-HZ Ball et al v. Carson et al
>
> Currently available all afternoon on 9/13. What time would you like?
>
> **From:** Daniel Peterson <dpeterson@cosgravelaw.com>
> **Sent:** Tuesday, September 3, 2019 5:53 PM
> **To:** Jennifer Paget <Jennifer_Paget@ord.uscourts.gov>; Amber A. Beyer <ABeyer@cosgravelaw.com>; bobmiller@kilmerlaw.com; dsemmens@allen-curry.com; pviteznik@kilmerlaw.com
> **Subject:** RE: 3:19-cv-00242-HZ Ball et al v. Carson et al
>
> Ms. Paget –
>
> Counsel have conferred. We are all available on the afternoon of Friday, September 13. Is there a window that afternoon that will work for the court?
>
> Thanks,
>
> Dan
>
> **Daniel Peterson**
> Partner

**Cosgrave Vergeer Kester**
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
**D** 503-219-3814 **O** 503-323-9000
**F** 503-323-9019 **W** cosgravelaw.com

<image001.png>

**From:** Jennifer Paget [mailto:Jennifer_Paget@ord.uscourts.gov]
**Sent:** Tuesday, August 27, 2019 2:28 PM
**To:** Amber A. Beyer <ABeyer@cosgravelaw.com>; bobmiller@kilmerlaw.com; Daniel Peterson <dpeterson@cosgravelaw.com>; dsemmens@allen-curry.com; pviteznik@kilmerlaw.com
**Subject:** 3:19-cv-00242-HZ Ball et al v. Carson et al

The Court wants a Rule 16 telephone conference in this case. Please confer amongst yourselves and let me know a couple different dates and times that work for everyone. Thank you. The Court is pretty open the week of 9/9. Thank you.

<image002.png>

**Jennifer Paget** | Courtroom Deputy to the Honorable Marco A. Hernandez
United States District Court for the District of Oregon
1000 S.W. Third Ave., Portland, OR 97204
(503) 326-8051
Jennifer_paget@ord.uscourts.gov

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (503) 323-9000 and ask to speak to the sender of the communication. Also, please e-mail the sender and notify the sender immediately that you have received the communication in error.

Scanned by Mimecast. Email certified safe by CVK.

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (503) 323-9000 and ask to speak to the sender of the communication. Also, please e-mail the sender and notify the sender immediately that you have received the communication in error.

Scanned by Mimecast. Email certified safe by CVK.