Daniel C. Peterson, OSB No. 064664
e-mail: dpeterson@cosgravelaw.com
Amber A. Beyer, OSB No. 173045
e-mail: abeyer@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, Suite 2400
Portland, Oregon 97204
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAYMOND BALL, an individual, and JOSEPH TOTH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW CARSON, an individual, WILLIAM CARSON, an individual, TERRANCE THURBER, an individual, THOMAS THURBER, an individual, DG ROLLINS MINING, LLC, a Wyoming limited liability company, COLUMBIA GORGE DATA CENTER, LLC, a Nevada limited liability company, WHC & SWC INVESTMENTS, LTD, a Texas limited partnership, INTELLIGENT INVESTMENTS, LLC, a Texas limited liability company, and SNICKERS #1, LLC, a Texas limited liability company,<br><br>Defendants. | Case No. 3:19-cv-00242-HZ<br><br>**Reply in Support of Motion to Extend Discovery Deadlines** |

Plaintiffs submit this reply to briefly respond to defendants' contentions in their Opposition to Plaintiffs' Motion to Extend Discovery Deadlines.  This Reply is supported by the Supplemental Declaration of Counsel.

Plaintiffs have shown good cause for why the discovery deadlines should be extended by 60 days in this case under F.R.C.P. 16(b) and LR 16-3(1).  The unprecedented situation with the

Page 1 -  **Reply in Support of Motion to Extend Discovery Deadlines**

coronavirus makes conducting depositions practically impossible in this case, where plaintiffs reside in Canada, plaintiffs' lead trial counsel is in Colorado, and plaintiffs' local counsel and defendants and their counsel are in Oregon. Supp. Dec. Counsel, ¶ 2. Oregon presently has a "shelter in place" policy in effect, and with the current situation changing by the day, plaintiffs and their counsel do not feel it would be prudent to travel at this time. *Id.* Further, with the extensive and detailed record in this case, it would not be effective in this case to conduct depositions electronically at this time. *Id.*

As discussed in plaintiffs' motion, plaintiffs have shown effective use of prior time under LR 16-3(2).[1] Much of the delay in this case to initiating discovery was caused by defendants' request for a detailed settlement statement shortly after the Court's Rule 16 conference in mid-September. *Id.* at ¶ 3. Explicit in defendants' request was the notion that a detailed exchange would allow the parties to better understand the other's position while avoiding the costs of discovery and, potentially, resolving the case all together. Acting in good faith, plaintiffs spent the majority of October interviewing witnesses, gathering documents and drafting an extensive position statement and initial settlement offer consistent with defendants' solicitation. *Id.* The parties then spent November and early December 2019 in a series of exchanges that ended with defendants' flatly declaring they would not entertain any settlement whatsoever. *Id.* For purposes of this Motion it is worth noting, during the foregoing exchanges, defendants avoided the "detailed" component of their own proposal, by denying Plaintiffs' allegations without significant exposition or documentary support. In short, defendants manufactured a three-month delay by proposing a settlement discussion they never seriously engaged in.

Contrary to plaintiffs' contention, the Requests for Admission and Interrogatories served on March 13, 2020 do not "all refer to allegations in the Complaint." [Dkt. 34 at 2]. To the contrary, the requests for admission ask defendants to authenticate at least 11 documents

---

[1] Contrary to defendants' assertion, this is the first request to extend discovery deadlines by plaintiffs. The Notice of Case Assignment that issued February 19, 2019 contained an initial discovery deadline of June 16, 2019 [Dkt. 2], which was modified at the Rule 16 conference on September 13, 2019. [Dkt. 28].

Page 2 -  **Reply in Support of Motion to Extend Discovery Deadlines**

developed through plaintiffs' informal discovery efforts and the vast majority of plaintiffs' interrogatories ask defendants to clarify facts and specific items of evidence gathered through plaintiffs' informal investigations and third-party witness interviews, a substantial portion of which have occurred since this case was filed.  Supp. Dec. Counsel, ¶ 4.

Finally, there is no reason this case still cannot go to trial on November 17, 2020.  If defendants seek an extension of the deadline for dispositive motions, plaintiffs do not oppose. *Id.* at ¶ 5.

## Conclusion

For the foregoing reasons, the court should grant this motion to extend discovery deadlines 60 days.

DATED: March 26, 2020

                               COSGRAVE VERGEER KESTER LLP

                               *s/ Amber A. Beyer*

                               Daniel C. Peterson, OSB No. 064664
                               E-mail: dpeterson@cosgravelaw.com
                               Amber A. Beyer, OSB No. 173045
                               E-mail: abeyer@cosgravelaw.com
                               Telephone: 503-323-9000
                               Fax: 503-323-9019

                               Attorneys for Plaintiffs

Page 3 -  **Reply in Support of Motion to Extend Discovery Deadlines**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503 323-9000
Facsimile: 503 323-9019

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **Reply in Support of Motion to Extend Discovery Deadlines** on the date indicated below by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorneys at the addresses listed below:

Peter J. Viteznik
Robert B. Miller
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, OR 97209-1302
  Attorneys for Defendants
  Terrence Thurber, Thomas Thurber,
  DG Rollins Mining, LLC and
  Columbia Gorge Data Center, LLC

DATED: March 26, 2020

            *s/ Amber A. Beyer*
            Amber A. Beyer

Page 1 - **CERTIFICATE OF SERVICE**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503 323-9000
Facsimile: 503 323-9019